IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERICA R. SPENCER,
# 15430-033,

**Petitioner,**

vs.

UNITED STATES OF AMERICA,

**Respondent.**                                  Case No. 16-cv-182-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner Erica Spencer is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"). She brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge factual errors in her Presentence Investigation Report ("PSR") that now preclude her from participation in FCI-Greenville's Residential Drug Abuse Program ("RDAP"). This matter is before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. The § 2241 petition is subject to dismissal.

## I.     Background

From June 2011 through June 2012, Erica Spencer filed federal income tax returns in the names of other individuals and fraudulently received their federal tax refunds in bank accounts that she controlled. Spencer was charged with numerous counts of identity theft, wire fraud, unauthorized use of access devices, and theft of public money on December 18, 2013. *United States v. Spencer*, No. 13-cr-00178-TBR-DW-1 (W.D. Ky. 2013) (Doc. 1, criminal case). She entered into a written plea agreement on November 7, 2014, in which she agreed to plead guilty to numerous violations of 18 U.S.C. § 641, 18 U.S.C. § 1029(a)(2), 18 U.S.C. § 1028A, and 18 U.S.C. § 1343.[1] (Doc. 55, criminal case).

On April 28, 2015, Spencer was sentenced in the United States District Court for the Western District of Kentucky to a total of 48 months of imprisonment, followed by 3 years of supervised release.[2] (Doc. 67, pp. 3-4, criminal case). She was ordered to pay restitution in the amount of $94,150.00. (*Id*. at p. 6, criminal case). The sentencing judge also ordered Spencer to be "placed in a facility wherein she may participate in a Residential Drug Abuse Treatment Program (RDAP) for treatment of narcotic addiction and/or

---

[1] This includes thirteen counts of theft of public money in violation of 18 U.S.C. § 641 (Counts 1ss-13ss), one count of unauthorized use of access devices in violation of 18 U.S.C. § 1029(a)(2) (Count 14ss), thirteen counts of aggravated identity theft in violation of 18 U.S.C. § 1029(a)(2) (Counts 15ss-27ss), two counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 28ss-29ss), and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 30ss-31ss). *United States v. Spencer*, No. 13-cr-00178-TBR-DW-1 (W.D. Ky. 2013) (Doc. 55).

[2] Spencer was sentenced to a total term of 24 months as to each of Counts 1 through 14, 28 and 29 in the Second Superseding Indictment, to be served concurrently with each other, and 24 months on Counts 15 through 27, 30 and 31, to be served concurrently with each other but consecutively to the terms imposed on Counts 1 through 14, 28 and 29, for a total term of 48 months imprisonment, followed by 3 years of supervised release. (Doc. 67, pp. 3-4, criminal case).

drug/alcohol abuse. . . ." (*Id.* at 3, criminal case).  A Judgment and Commitment Order were entered in the criminal case on May 4, 2015.  (*Id.*).

## II.     Habeas Petition

According to her § 2241 petition, Spencer's application for participation in FCI-Greenville's RDAP was denied because "there was no documentation to verify a problematic pattern of substance use in the year prior to [her] arrest."  (Doc. 1-1, p. 4, habeas case).  Spencer was provided with a list of verifying documents that would satisfy this requirement.  (*Id.* at 5).  The list includes documentation of past substance abuse treatment; documentation from a probation officer, a parole officer, a social services professional who verifies a substance abuse problem; physical proof of past substance abuse from a medical professional; or evidence of substance detoxification upon entry into the Federal Bureau of Prisons.  (*Id.*).  She unsuccessfully challenged the denial of her RDAP application by relying on documentation that was not included in this list.  (*Id.* at pp. 1-30).

Spencer now focuses on several factual errors contained in her PSR that, if corrected, will satisfy this requirement for documentation of past substance abuse.  The PSR omits reference to her positive drug test during the relevant time period.  (Doc. 1, p. 8, habeas case).  The PSR also states that Spencer "had not used marijuana for two to three years prior to December 2013." (Doc. 1-1, p. 14, habeas case).  Spencer claims that this is incorrect, and she seeks correction of these errors.

Toward this end, she has filed numerous motions with the sentencing court

seeking correction of the PSR. (*Id.* at pp. 8-16, habeas case). The sentencing court has denied each motion on jurisdictional grounds. (Docs. 73, 78, criminal case). Spencer now turns to this Court for relief. She asks the Court to permit an amendment to the PSR to reflect her history of substance abuse, so that she may participate in RDAP. (Doc. 1, p. 8, habeas case).

### III. Discussion

Spencer is not entitled to relief under 28 U.S.C. § 2241. The Court has jurisdiction to issue the writ of habeas corpus under § 2241(c)(3), only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003). Spencer cites no such violations.

A petition for a writ of habeas corpus is the proper vehicle for challenging the fact or duration of confinement, or seeking an immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody." *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138 (7th Cir. 1995). Spencer has not directly requested immediate *or* speedier release, even if this is ultimately her goal.

RDAP is an intensive drug treatment program for federal inmates, who have documented substance abuse problems. *See* 28 C.F.R. § 550.53; U.S. DEPT. OF JUSTICE, BOP PROGRAM STATEMENT NO. 5330.11 ch. 2, p. 8 (2009). Successful completion of the program triggers eligibility for a sentence reduction of up to 12

months. 18 U.S.C. § 3621(e)(2)(B); 28 C.F.R. §§ 550.54(a)(1)(iv), 550.55(a)(2). Spencer makes no mention of this in her § 2241 petition.

She instead seeks to correct the errors in her PSR that preclude her from consideration for RDAP. If she were to prevail, the only relief she could obtain is an order amending her PSR to correct these factual errors and possible eligibility for RDAP. She would *not* obtain speedier release from incarceration. Because victory would not entitle her to immediate or speedier release, habeas corpus is not necessarily the proper vehicle for her claims. *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) ("The difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action.").

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). A federally convicted person may challenge his sentence by bringing a motion pursuant to § 2255 in the court that sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, a prisoner may employ § 2241 to challenge her federal conviction or sentence. Section 2255(e) contains a "savings

clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of h[er] detention." 28 U.S.C. § 2255(e). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *See Hill*, 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that petitioner may be barred from bringing a § 2255 petition because it is second or successive is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

  The Seventh Circuit has held that in order to proceed under the savings clause, a petitioner must typically meet three conditions. First, she must show that she relies on a new statutory interpretation case rather than a constitutional case, and the new statutory interpretation case must announce a "change of law." *Id*. at 611-12. Second, she must show that she relies on a decision that she could not have invoked in her first § 2255 motion, *and* that case must apply retroactively. Lastly, she must demonstrate that there has been a "fundamental defect" in her conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Spencer's § 2241 petition meets *none* of these requirements. Under the circumstances, she has also failed to demonstrate that § 2255 was inadequate of ineffective to test the legality of her detention. *See Hill*, 695 F.3d at 649; *see also Taylor*, 314 F.3d 835. Because Spencer's claim clearly does not fit within the savings clause found in § 2255(e), she may not proceed with her request for relief under § 2241. The instant habeas petition must be dismissed for lack of jurisdiction.

Spencer must, of course, decide what step(s) she will take next, in her pursuit of relief. As the Seventh Circuit explained in a recent case involving an inmate who sought to correct "clerical errors" in his PSR, a defendant who "disagree[s] with the contents of a PSR must object before or at sentencing; only if a timely objection is made must a district court state on the record (if the issue affects the sentence) whether the PSR is correct." *United States v. Williams*, 777 F.3d 909, 910 (7th Cir. 2015) (citing FED. R. CRIM. P. 32(f)(l), (i)(3)). Spencer was repeatedly reminded of this by the sentencing court. (Docs. 73, 78, criminal case).

Spencer admits that she did not seek a correction of the relevant errors under Federal Rule of Criminal Procedure 32 before or at sentencing. She also reveals no effort to file a direct appeal to address the alleged errors in her PSR, and it appears that the time for doing so has expired. *See* FED. R. CIV. P. 4(b).[3] By all indications, she has also taken no steps to pursue relief under § 2255 in the

---

[3] A defendant's notice of appeal in a criminal case must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal. *See* FED. R. CIV. P. 4(b)(1)(A)(i)-(ii).

district court where she was sentenced. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

But this does not mean that Spencer has no recourse. She can obtain and submit other documentation of past drug abuse. (Doc. 1-1, p. 5, habeas case) (listing other acceptable forms of documentation). This would be the fastest avenue to relief. In addition, Spencer may still have time to file a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 in the Western District of Kentucky. *See* 28 U.S.C. § 2255(f).[4] This Court takes no position regarding the proper course of action, but cautions Spencer to remain mindful of the applicable limitations period when choosing what relief to pursue.

## IV. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

A dismissal without prejudice is normally considered nonfinal because the petitioner remains free to refile her case. *See Gacho v. Butler*, 792 F.3d 732, 735 (7th Cir. 2015) (citing *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008)). If petitioner wishes to appeal this

---

[4] A 1-year limitations period applies to motions brought under § 2255 and runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the impediment to making a motion created by a governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(1)-(4).

dismissal, she may file a notice of appeal with this Court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(i) (involving appeals where the United States is a party). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, she will be required to pay a portion of the $505.00 appellate filing fee in order to pursue her appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   March 21, 2016**

Digitally signed by
Judge David R. Herndon
Date: 2016.03.21
12:20:42 -05'00'

**United States District Court**